# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-BC1,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT SAENZ and MELANIE B. SAENZ,<br><br>            Defendants. | 1:12-cv-01006 AWI GSA<br><br>**ORDER REGARDING NOTICE OF REMOVAL BY DEFENDANT ROBERT SAENZ**<br><br>**ORDER REMANDING TO STATE COURT** |

On June 21, 2012, Defendant Robert Saenz ("Defendant") filed a Notice of Removal with this Court, seeking to remove an action from the Stanislaus County Superior Court entitled *U.S. Bank National Association v. Robert Saenz, et al.*, case number 673355. (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment

1

it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).  Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty (30) days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b).  The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

***Timeliness***

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Here, Defendant's removal notice includes copies of the complaint for unlawful detainer filed in the Stanislaus County Superior Court action, trustee's deed upon sale document, and a proof of service related to a three day notice to quit and notice to tenant. (Doc. 1 at 8-18.) However, it does not include a copy of the summons.  Further, Defendant's notice of removal fails to reference any alleged date of service of process of the summons and complaint. (Doc. 1 at 1-6.) Nevertheless, the complaint for unlawful detainer was filed with the Stanislaus County Superior Court on March 15, 2012, approximately ninety-eight (98) days prior to Defendant having filed the notice of removal with this Court.  Thus, it appears to be untimely. 28 U.S.C. § 1446(b). While Defendant's pleading does state that the notice is "timely . . . because it is filed

2

within 30 days of discovering that the case was ripe for removal" (Doc. 1 at 6), there is no indication that the initial pleading - the complaint - did not provide Defendant with notice of the potential for removal. Moreover, even were the initial pleading to be construed as such, Defendant has not identified any subsequent and later "amended pleading, motion, order or other paper" that provided notice so as to find his notice to be timely. *See* 28 U.S.C. § 1446(b).

Nevertheless, although removal appears untimely, the Court will turn to address the issue of jurisdiction.

### *Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 1-6.) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v.*

*Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed in the state court contains a single cause of action for unlawful detainer, based on California Code of Civil Procedure section 1161a.  (Doc. 1 at 8-11.)  Unlawful detainer actions are strictly within the province of state court.  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.  *See McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).  Therefore, Defendant's references to "the 'Protecting Tenants at Foreclosure Act 2009 [hereafter "PTFA"],'" as establishing federal question jurisdiction in this matter are not persuasive.

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plainly, Plaintiff U.S. Bank National Association's complaint raises only a state law claim.  (*See* Doc. 1 at 8-11.)  Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").  Hence, Defendant's contentions that Plaintiff's complaint is actually "misnomered" as an unlawful detainer action because it is "based upon the PTFA" is without merit.

4

**CONCLUSION AND ORDER**

Based on the above, this action is REMANDED *sua sponte* to the Stanislaus County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court is directed to serve a copy of this order on the Stanislaus County Superior Court and to close this case.

IT IS SO ORDERED.

Dated:   June 22, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE